UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KYLE M. PARKS,**

    **Plaintiff,**

                          **Civil Action 2:20-cv-672**
   **v.**                      **Judge James L. Graham**
                          **Chief Magistrate Judge Elizabeth P. Deavers**

**RYAN SCHELDERER,**

    **Defendant.**

### ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Kyle M. Parks's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's April 8, 2020, account statement reveals that he currently possesses the sum of $149.93 in his prison account, which is insufficient to pay the full filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (44051044) at Terre Haute - FCC is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED**  that the Court **DISMISS** Plaintiff's claims to the extent that Plaintiff seeks relief pursuant to 18 U.S.C. § 1346 or  relief pursuant to 42 U.S.C.§ 1983 against Defendant Scheiderer in his official capacity and that Plaintiff be permitted to proceed with  his Fourth Amendment claim against Defendant Scheiderer.

Plaintiff, a federal inmate who is proceeding without the assistance of counsel, brings this action against Special Agent Ryan Scheiderer. (ECF Nos. 1, 6.)  According to Plaintiff's filings, Defendant Scheiderer is an employee of the Ohio Attorney General's Office, 30 East Broad

Street, Columbus, OH 43215. Plaintiff states that he is proceeding against Defendant Scheiderer pursuant to 18 U.S.C. § 1346 and for a violation of his Fourth Amendment rights. Plaintiff seeks $250,000 in compensatory damages and $250,000 in punitive damages.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \*    \*    \*
>
> (B) the action or appeal--
>
>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

3

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

According to the Complaint,[2] on December 4, 2015, Defendant, working in his "professional capacity" entered Plaintiff's business offices on Donley Court in Columbus, Ohio, and took approximately 10 to 15 pictures of the office interior. (ECF No. 1-1 at 1, PAGEID #4.) These pictures of "the dressing room, lounge and other relevant areas" were displayed at Plaintiff's trial in *United States v. Kyle M. Parks*, Case No. 4:15-cr-0553. (*Id.*, ECF 6-2, at 1, PAGEID #33.) Plaintiff alleges that Defendant conducted this warrantless search as a favor for a friend who was investigating Plaintiff in St. Louis, Missouri. (ECF 1-1 at 2, PAGEID #5.) Plaintiff contends that this search violated his Fourth Amendment right to be free from unreasonable searches and seizures. (ECF No. 6-2, at 2, PAGEID #34.)

Initially, Plaintiff states that he is pursuing a claim against Defendant Scheiderer under 18 U.S.C. § 1346, a criminal statute. Unless specifically provided, federal criminal statutes typically do not create private rights of action. *Stephens v. Nat'l City Corp.,* No. 1:19CV00784, 2020 WL 435439, at *7 (N.D. Ohio Jan. 28, 2020). The violation of a federal statute does not automatically give rise to a private cause of action for the person allegedly harmed. *Id.* The Supreme Court has "rarely implied a private right of action under a criminal statute." *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) (citing *Nashville Milk Co. v. Carnation Co.,* 355 U.S. 967 (1958). The Sixth Circuit Court of Appeals also has explicitly recognized that 18 U.S.C. §1346 does not create a private cause of action. *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018), *cert. denied*, 139 S. Ct. 1178 (2019) (affirming district

---

[2] Plaintiff submitted one Complaint in connection with his initial *in forma pauperis* application. The Court found that application deficient. Plaintiff submitted a different, although factually related, Complaint with his second application. The Court construes these two filings together as Plaintiff's Complaint.

court's dismissal of plaintiff's claims pursuant to 18 U.S.C. § 1346 for failure to state a claim). In such an instance, a Court lacks jurisdiction over the cause of action. Accordingly, it is **RECOMMENDED** that the Court dismiss Plaintiff's claim seeking relief under 18 U.S.C. § 1346.

Plaintiff does not affirmatively state that he is pursuing a claim under 42 U.S.C. § 1983. However, in his second filing, Plaintiff asserts a violation of his Fourth Amendment rights by a defendant he contends was directly involved with, or an employee of, the Ohio Attorney General's office. 42 U.S.C. § 1983 permits the recovery of damages for constitutional violations by officers acting under color of state law. *Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020). "A § 1983 claim must present two elements: (1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.,* 330 F.3d 899, 902 (6th Cir. 2003).

Plaintiff also does not identify whether he is suing Defendant in his official or personal capacity. (*See generally Complaint*, ECF No. 1-1 and 6-2.) Plaintiff's initial filing suggests, however, that he intended to proceed against Defendant Scheiderer in his official capacity with respect to his claim under 28 U.S.C. § 1346. To the extent that Plaintiff intends to proceed on a § 1983 claim against Defendant in his official capacity, this claim is not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

Construing Plaintiff's filings liberally, *see Haines*, 404 U.S. at 520, the Court assumes Plaintiff sues Defendant for a violation of his Fourth Amendment rights in his personal capacity as well. At this juncture, Plaintiff's Fourth Amendment claim will be permitted to proceed, although the Court expresses no opinion as to its merits.

6

In addition, although the docket reflects that the Clerk sent to Plaintiff, *inter alia*, a civil cover sheet, summons form and Marshal service form, Plaintiff has failed to submit completed copies of these forms. Plaintiff is **ADVISED** that he must submit a completed summons and a Marshal service form for Defendant Ryan Scheiderer if he intends for the United States Marshal to serve Defendant. Plaintiff's failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).

### III.

Plaintiff's amended Motion for Leave to Proceed *in forma pauperis* (ECF No. 6) is **GRANTED**. Plaintiff's initial Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **DENIED AS MOOT**. For the reasons set forth above, it is **RECOMMENDED** that any claim under 18 U.S.C. § 1346 and any claim against Defendant Scheiderer in his official capacity be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. The Court expresses no opinion as to the merit of the remaining claim against Defendant Scheiderer under § 1983 in his individual capacity.

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  May 4, 2020                                   /s/ *Elizabeth A. Preston Deavers*
                                                      ELIZABETH A. PRESTON DEAVERS
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE