# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

KYLE M. PARKS,

                Plaintiff,    :    Case No. 2:20-cv-00672

                                      District Judge James L. Graham
- vs -                           Magistrate Judge Michael R. Merz

SPECIAL AGENT RYAN SCHEIDERER,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 42 U.S.C. § 1983, brought *pro se* by federal inmate Kyle Parks to complain of Fourth Amendment violations by Defendant Scheiderer in gathering evidence which was used to convict Parks of human trafficking crimes. The case is before the Court on Defendant's Motion to Dismiss (ECF No. 23) which Plaintiff opposes (ECF No. 28); Defendant has filed a Reply memorandum in support (ECF No. 29).

A motion to involuntarily dismiss a case is a dispositive motion on which a Magistrate Judge to whom the matter has been referred must file a report and recommendation for disposition. Upon its filing, this case was referred automatically and randomly to Chief Magistrate Judge Elizabeth Preston Deavers pursuant to a General Order of Reference for cases in the Eastern Division. The Magistrate Judge reference has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the Southern District.

1

The Amended Complaint alleges that on December 4, 2015, the Defendant entered Plaintiff's offices in Columbus, Ohio, without Plaintiff's consent and without a valid search warrant and seized evidence later used in Plaintiff's trial in Missouri (ECF No. 85 PageID 66-67). Plaintiff asserts this violated his rights under the Fourth Amendment and resulted in his incarceration. He seeks compensatory money damages of $250,000 and a like amount of punitive damages. *Id.*

Chief Magistrate Judge Deavers' Report and Recommendations on initial screening (ECF No. 9) allowed Plaintiff to proceed only on a claim against Agent Scheiderer in his individual capacity and under 42 U.S.C. § 1983. Plaintiff accepted that Report (ECF No. 10), which was adopted by District Judge Graham (ECF No. 12). Plaintiff also clarified that his intention was to proceed against Agent Scheiderer in his individual capacity for violations of Plaintiff's Fourth Amendment rights (ECF No. 11).

42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

By pleading that Defendant Scheiderer, acting in his capacity as an agent of the State of Ohio, entered Plaintiff's Columbus offices without Plaintiff's consent and without a valid search warrant, Plaintiff states a claim against Defendant that is prima facie actionable under § 1983, as Chief Magistrate Judge Deavers found.

Defendant's Motion to Dismiss raises two affirmative defenses to Plaintiff's claim, to wit that it is barred by the statute of limitations and also barred by the Supreme Court decision in *Heck v. Humphrey,* 512 U.S. 477 (1994). A statute of limitations defense may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when it is apparent on the face of the complaint. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989). The same is true of a defense under *Heck*.

**Statute of Limitations**

In all constitutional tort actions, the federal court borrows the statute of limitations for personal torts from the State where the claim arose. *Hardin v. Straub,* 490 U.S. 536 (1989). Plaintiff avers that Defendant violated his Fourth Amendment rights by entering Plaintiff's office in Columbus, Ohio. Therefore it is the Ohio statute of limitations which applies.

The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. Ohio Revised Code § 2305.10. *Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008); *Banks v. City of Whitehall*, 344 F.3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*). The statute runs from "when the plaintiff knows or has reason to know of the injury which is the basis" of the claim. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

Plaintiff makes no response to Defendant's claim that his lawsuit is untimely (ECF No. 28). Parks certainly knew of the seizure and use of evidence against him at his trial in 2017. Plaintiff did not initiate this action until he filed his Application to proceed *in forma pauperis* on February 6, 2020. Thus the Complaint herein is untimely and should be dismissed with prejudice on that basis.

***Heck v. Humphrey***

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

4

> been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-487. *Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The purpose is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Evidence seized in violation of the Fourth Amendment must be excluded at trial. *Mapp v. Ohio*, 367 U.S. 643 (1961) (exclusionary rule); *Wolf v. Colorado*, 338 U.S. 25 (1949). The particular evidence at issue here was introduced at trial and is referred to in the decision of the Eight Circuit Court of Appeals affirming Parks' conviction. *United States v. Parks*, 902 F.3d 805, (8th Cir. 2018).

> Law enforcement officers later executed a search warrant for Parks's Ohio office suite, which contained several rooms, including multiple bedrooms and a lounge area. One of the bedrooms contained a mattress, soiled bedding, and drug paraphernalia. In the lounge area, officers found a mini bar, sofas, a coffee table with a condom case, and Parks's XXXREC business cards advertising "nude or partially nude, manies, pedies, full body massages, house cleaning, and dancing." Other items seized during the search included women's clothing, a prepaid gift card, a shipping box with Parks's name on it that contained bottles of an unknown liquid advertised as a male enhancement, used condoms, and a DVD entitled "The Bottum."

902 F.3d at 810. Deciding that this evidence was seized in violation of the Fourth Amendment, a necessary foundation for Parks' claim in this case would render the conviction invalid. However, the conviction has been upheld on appeal and Parks provides no evidence that it has later been set aside. Therefore this case is barred by the decision in *Heck* and should be dismissed on that basis.

5

**Motion for Summary Judgment**

Plaintiff has also filed a Motion for Summary Judgment (ECF No. 22).  Based on the foregoing recommendations, the summary judgment motion should be denied as moot.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that this case be dismissed with prejudice and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 20, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.